IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

DENNIS LEWIS,                                       Civil No. 1:12-cv-01841-CL

      Plaintiff,

                                                **SUMMARY JUDGMENT**
                                                    **ADVICE NOTICE**

    v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

      Defendant.
_____

CLARKE, Magistrate Judge.

      This is an action brought by a pro se plaintiff. Defendant Secretary of Health and Human Services (the Secretary) has filed a motion for summary judgment (#31) seeking to dismiss Plaintiff's claims against her. **If Defendant's motion is granted, it will result in dismissal of some or all of Plaintiffs' claims.**

      A motion for summary judgment is governed by Federal Rules of Civil Procedure Rule 56. Rule 56 provides what a plaintiff must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine dispute of

Page 1 – SUMMARY JUDGMENT ADVICE NOTICE

material fact -- that is, if there is no real dispute about any fact that would affect the result of plaintiff's case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end plaintiff's case against that party. When a party a plaintiff is suing makes a motion for summary judgment which is properly supported by declarations (or other sworn testimony), plaintiff cannot simply rely on what the complaint says. Instead, plaintiff must cite to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, answers to interrogatories, or other materials, as provided by Rule 56(c), which contradict the facts shown in the moving party's declarations, documents, and materials, and show that there is a genuine dispute of material fact for trial. If plaintiff does not submit evidence in opposition, summary judgment, if appropriate, may be entered against plaintiff. If summary judgment is granted, plaintiff's case against the moving party will be dismissed and there will be no trial.

In this case, Plaintiff's claim seeks judicial review of a final decision by the Medicare Appeals Council denying his appeal for a refund of his 2011 IRMAA taxes withheld from Social Security benefits. Judicial review is authorized by 42 U.S.C. § 1395ff(b)(1)(A) and § 405(g). Judicial review of the Secretary's decision is generally limited to review of the administrative record, that is, the record as previously developed by the administrative process. For instance, the decisions by the Administrative Law Judge and the Medicare Appeals Council are both part of the administrative record.

The court must affirm the findings of the Secretary if they are supported by substantial evidence in the record. Substantial evidence does not mean the majority of the evidence, but instead it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

Page 2 – SUMMARY JUDGMENT ADVICE NOTICE

The court must affirm the Secretary's decision unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. For instance, the decision is arbitrary and capricious if the Secretary has relied on factors that Congress did not intend for it to consider, or failed to consider an important aspect of the problem, or offered an explanation that is counter to the evidence, or if the reasoning is so implausible that it could not be explained by a difference in viewpoint. In this case, the decision by the Medicare Appeals Council is the final decision of the Secretary, therefore this deferential standard is applied to that decision, as opposed to the decision by the Administrative Law Judge, even though both decisions are part of the administrative record.

Therefore, in order for the Plaintiff Mr. Lewis's claim to survive the Defendant's motion, he must cite to the parts of the record that show that the Secretary's findings were not supported by substantial evidence, or that the Secretary's decision was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law.

Plaintiff shall have twenty-four (24) days from the date of this notice, to file a response to Defendant's motion for summary judgment in accordance with the requirements of Federal Rules of Civil Procedure 56. Thereafter, the Defendant may file a reply to Plaintiff's response.

DATED this __12__ day of June, 2013.

MARK D. CLARKE
United States Magistrate Judge